IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 1:26 cr 426 |
| | ) | |
| | ) | 18 U.S.C. § 641 |
| v. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | 42 U.S.C. § 1383a(a)(3) |
| LISA KAY WILLIAMS | ) | |
| | ) | **INDICTMENT** |

BACKGROUND

At times material to this Indictment:

SUPPLEMENTAL SOCIAL SECURITY INCOME PROGRAM

1. The Social Security Act established a number of programs, including the Supplemental Security Income (SSI) Program, that pays benefits to individuals with limited income and resources who are disabled, blind, or over 65 years old.

2. The Social Security Administration, an agency of the United States, administers the SSI Program.

3. SSI benefits are paid from the general fund of the United States Department of Treasury.

4. An individual is eligible for SSI benefits if the individual was disabled, blind, or aged and had limited income or resources.

5. Under the SSI Program, SSA pays monthly cash benefits to individuals SSA finds to be medically "disabled" as that term is defined under the Social Security Act. Recipients of SSI benefits were required to certify any changes in their medical or employment status to SSA, including any work activity, whether compensated or not. Eligibility for SSI benefits was

1

conditioned on the recipient's lack of substantial income during the period when SSI benefits were paid. To receive SSI benefits, SSA must have determined that an individual's medical disability prohibited him or her from working at a substantial gainful activity level.

6.     The Defendant, LISA KAY WILLIAMS, lives in Barnwell County, South Carolina and has been receiving SSA Title XVI SSI benefits since 1994.

7.     Since on or before January 1, 2016, LISA KAY WILLIAMS has been breeding and selling miniature Dachshund and Doberman puppies.

8.     LISA KAY WILLIAMS has an active social media presence and several Facebook groups where she advertises breeding and selling puppies, and another Facebook group for people who have purchased puppies from her.

9.     From at least January 1, 2016, until April 1, 2023, LISA KAY WILLIAMS, in numerous correspondence and communications with the SSA, concealed or failed to disclose her dog breeding business and the associated income she received.

## COUNT 1
### *(Theft of Government Property)*

THE GRAND JURY CHARGES:

10.     Paragraphs 1 through 9 are incorporated herein by reference.

11.     From on or about January 1, 2016, through on or about April 1, 2023, in the District of South Carolina, the Defendant, LISA KAY WILLIAMS, did knowingly and willfully embezzle, steal, purloin, and convert to her own use or the use of another, on a recurring basis, money belonging to the United States and the Department of Treasury, a department or agency of the United States, namely, Supplemental Security Income benefits to which she was not entitled, and in a total amount of more than $1,000.

In violation of Title 18, U.S.C. § 641.

2

## COUNT 2
*(Supplemental Security Income Fraud)*

THE GRAND JURY FURTHER CHARGES:

12.     Paragraphs 1 through 9 are incorporated herein by reference.

13.     From on or about January 1, 2016, through on or about April 1, 2023, in the District of South Carolina, the Defendant, LISA KAY WILLIAMS, having knowledge of the occurrence of any event affecting her initial or continued right to any such benefit, concealed or failed to disclose such event with an intent to fraudulently secure such benefit in either a greater amount or quantity than was due or when no such benefit was authorized.

All in violation of Title 42, United States Code, Section 1383a(a)(3)

3

**FORFEITURE**

THEFT OF PUBLIC MONEY:

Upon conviction for violation of Title 18, United States Code, Section 641 as charged in this Indictment, the Defendant, LISA KAY WILLIAMS, shall forfeit to the United States any property, real or personal, constituting, derived from, or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense.

PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the violation charged in this Indictment includes, but is not limited to, the following:

Proceeds/ Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offense charged in the Indictment, that is, a minimum of approximately $64,183.04 in United States currency, and all interest and proceeds traceable thereto for his violation of 18 U.S.C. § 641.

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

(a)     cannot be located upon the exercise of due diligence;
(b)     has been transferred or sold to, or deposited with, a third person;
(c)     has been placed beyond the jurisdiction of the Court;
(d)     has been substantially diminished in value; or
(e)     has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

4

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A ___TRUE___ BILL

FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: _____

Kerry B. McTigue  ID No 7679
Special Assistant United States Attorney
1441 Main Street, Suite 500
Columbia SC 29201
Tel: (803)929-3065
Fax: (803)254-2912
Email: Kerry.mctigue@usdoj.gov